Law Offices of Kayla Grant
Kayla M. Grant, Esq. [SBN 243466]
725 College Ave., Suite #6
Santa Rosa, CA 95404
(707)595-0713
kayla@kgrantlaw.com

Attorney for Debtor and Plaintiff

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>John Mark Frost,<br><br>    Debtor.<br><br>———————————<br>John Mark Frost,<br><br>    Plaintiff,<br><br>v.<br><br>VSAC Federal Loans,<br>US Dept. Of Justice,<br>US Dept. of Education<br><br>    Defendants. | Case No. 15-11279<br><br>Chapter 7<br><br>Adversarial Proceeding Number:_____<br><br>COMPLAINT TO DETERMINE DISCHARGEABILITY OF EDUCATIONAL LOANS PER 11 U.S.C.§523 (a)(8) |

-1-

## I. INTRODUCTION

Plaintiff & Debtor John Mark Frost (hereinafter "Plaintiff") presents this Complaint to Determine Dischargeability of Educational Loans against Defendants VSAC Federal Loans, United States Department Justice, and United States Department of Education (hereinafter collectively "Defendants") pursuant to 11 U.S.C. §523(a)(8) for those educational debts scheduled in the above-entitled Chapter 7 Bankruptcy Case.

## II. PARTIES

1. John Mark Frost is an individual and the Debtor in that Chapter 7 Bankruptcy Case currently pending before the Northern District of California, Santa Rosa Division, bearing case number 15-11279. Plaintiff can be served with process via mail sent to his attorney of record, Kayla M. Grant, Esq., 725 College Ave., Suite 6, Santa Rosa, California, 95404.

2. Defendant United States Department of Education is a Department of the Executive Branch of the Federal Government of the United States of America and can be served with process via mail sent to 400 Maryland Avenue SW, Room 6E353, Washington, D.C. 20202. Defendant United States Department of Education can also be served with process via mail to the US Attorney General, 950 Pennsylvania Avenue NW, Washington, D.C., 20530-0001, and through the Office of the United States Attorney, United States Department of Justice 950 Pennsylvania Avenue NW, Room 2242 Washington, D.C., 20530-0001

3. Defendant, VSAC Federal Loans, is a fictitious business name for the Vermont Student Assistance Corporation, and can be served with process via mail sent to 10 East Allen St., Winoosky, VT, 05404, registered agent, Thomas A. Little.

## III. JURISDICTION AND VENUE

4. This adversary proceeding is one arising in Plaintiff's bankruptcy case bearing case number 15-11279 currently pending before this Court, and arising under Chapter 7 of Title 11 of the United States Code.

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

6. This is a core proceeding as defined in 28 U.S.C. § 157(b).

7. This Complaint is brought pursuant to 11 U.S.C. § 523(a)(8).

8. Venue properly lies in this judicial district pursuant to 28 U.S.C. §1409 (a) as the present adversary proceeding is related to and arising from Plaintiff's Chapter 7 Bankruptcy Case arising under Title 11 of the United States Code which is currently pending before this Court.

### IV. RELEVANT FACTS

9. Plaintiff has scheduled educational debts owed to Defendants in the amount of $253,416.20.

10. The interest rate for these loans ranges between 5.02% and 6.8% per annum.

11. Plaintiff incurred these debts to pay for his own college tuition the University of Texas Dental School in San Antonio, Texas between 1986 and 1991.

12. Plaintiff is currently unable to maintain a minimal standard of living. His current gross income from all sources consists of the following:

    Approximately $1,000 per month donations from family and friends.

13. Plaintiff is 62 years old, and as a result of his decline in health he is no longer able to work on a full-time basis. As such, Plaintiff's net income is below median, and also below the federal poverty level set forth in 42 U.S.C. § 9902.

14. With the current balance of the student loans at $253,416.20, and the current interest rate on these loans of ranging between 5.2% and 6.8%, Plaintiff would have to make monthly loan payments of $1,934.42 to pay off the principal and interest over 20 years. Plaintiff has made a bonafide effort to service his student loan debt since 1991, but he no longer is able to make payments any longer.

15. Plaintiff owns no real estate, and has no other significant assets.

16. Plaintiff's income is actually nothing and he currently lives off contributions from his family and friends.

-3-

## V. FIRST CAUSE OF ACTION

(Non-dischargeability against Defendants pursuant to 11 U.S.C. §523(a)(8))

17. Plaintiff hereby incorporates all allegations contained in paragraphs 1 through 16 above as though fully stated herein.

18. Pursuant to 11 U.S.C. §523(a)(8), the Court shall not discharge a student loan unless "... excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents ... ."

19. In the present case, Plaintiff is unable to maintain a minimal standard of living, has marginal income, and no prospects that this situation will ever change due to his age, lack of physical ability to continue working as a dentist on a full-time basis.

20. Further, the amount of the debts in question is far beyond any amount Plaintiff can realistically repay. As set forth above, the current balance of the student loans at $253,416.20, and the current interest rate on these loans ranging from 5.2% and 6.8%, Plaintiff would have to make monthly loan payments of $1,934.42 to pay off the principal and interest over 20 years. Plaintiff would therefore have to be continuously working until he was 82 years old, and would require payments for that entire period that would equal approximately 200% of Plaintiff's current gross monthly income.

21. For these reasons, the debts in question should be discharged as repayment will constitute an undue hardship on Plaintiff pursuant to 11 U.S.C. §523(a)(8).

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Enter a judgment determining that the student loans owed by Plaintiff to Defendants are dischargeable pursuant to 11 U.S.C. §523(a)(8) as imposing an undue hardship;

1   2. Grant the Plaintiff such other and further relief, at law or in equity, to
2   which the Plaintiff may be justly entitled.

4   Date: February 24, 2016

6   /s/Kayla M. Grant
    Kayla M. Grant
7   Attorney for Debtor and Plaintiff
8   John Mark Frost