BRIAN J. STRETCH (CSBN 163973)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
CLAIRE T. CORMIER (CSBN 154364)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, CA  95113
    Telephone:  (408) 535-5082
    Facsimile:  (408) 535-5081
    e-mail:  claire.cormier@usdoj.gov

Attorneys for Federal Defendants
United States Department of Education and
United State Department of Justice

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br>John Mark Frost,<br>              Debtor. | Case No. 15-11279<br><br>Chapter 7 |
| John Mark Frost,<br>              Plaintiff,<br>              v.<br>VSAC Federal Loans, U.S. Department of Justice, U.S. Department of Education,<br>              Defendants. | Adversarial Proceeding No. 16-01011<br><br>**FEDERAL DEFENDANTS' ANSWER** |

Federal Defendants United States Department of Justice and United States Department of Education ("Federal Defendants"), by and through their undersigned attorneys, for their answer to the Plaintiff's Complaint to Determine Dischargeability of Educational Loans Per 11 U.S.C. § 523(a)(8) ("Complaint") state and allege as follows:

## INTRODUCTION

The introductory paragraph is a description of the purpose of the Complaint to which no response is required.

## PARTIES

1. Federal Defendants admit that plaintiff is the Debtor in the referenced Chapter 7 Bankruptcy case. Federal Defendants are informed and believe that the referenced attorney no longer represents Plaintiff and on that basis denies the allegations in the second sentence of this paragraph.

2. Federal Defendants deny the allegations of paragraph 2 and affirmatively state that they must be served pursuant to the requirements of Rule 4(i) of the Federal Rules of Civil Procedure. However, the United States Department of Education (hereinafter "USDOE") admits that it has been served with the Alias Summons and Complaint in this case. The Federal Defendants note that, while the United States Department of Justice is named in the case caption, there are no allegations relating to the United States Department of Justice as a defendant in the body of the Complaint.

3. Federal Defendants have insufficient information to admit or deny the allegations of paragraph 3 and, on that basis, denies them.

## JURISDICTION AND VENUE

4. Paragraph 4 states a legal conclusion to which no response is necessary. To the extent that an answer is deemed required, defendant admits that this is an adversary proceeding to determine the dischargeability of student loan debt.

5. Paragraph 5 states a legal conclusion to which no response is necessary. To the extent that a response is required, defendant admits that this Court has jurisdiction over this adversary proceeding.

6. Paragraph 6 of the Complaint states a legal conclusion to which no response is necessary. To the extent that a response is required, defendant admits that this is a core proceeding.

7. Paragraph 7 states a legal conclusion to which no response is necessary.

8. Paragraph 8 states a legal conclusion to which no response is required. To the extent a response is required, defendant admits that venue is proper in this judicial district.

## RELEVANT FACTS

9. Federal Defendants deny the allegations of paragraph 9. Federal Defendants affirmatively state that Plaintiff is indebted to the USDOE on account of student loans he obtained from, or that were

reinsured by, the USDOE. USDOE further states that, as of December 22, 2015, the amount of Plaintiff's indebtedness for his Health Education Assistance Loans ("HEAL") was $57,689.80. USDOE further states that, as of March 11, 2016, the amount of Plaintiff's indebtedness for his Federal Direct Loan Consolidation Loan ("Consolidation Loan") was $102,198.24. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 as they may relate to defendant VSAC Federal Loans and on that basis deny those allegations.

10. Federal Defendants deny the allegations of paragraph 10 and affirmatively state that the interest rate on Plaintiff's HEAL loans as of December 22, 2015 was 5.02% per annum, and the interest rate on Plaintiff's Consolidation Loan as of March 11, 2016 was 6.5% per annum. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 as they may relate to defendant VSAC Federal Loans and on that basis deny those allegations.

11. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 11 and on that basis deny those allegations.

12. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 12 and on that basis deny those allegations.

13. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 13 and on that basis deny those allegations. USDOE affirmatively states that, according to documentation received from Plaintiff, Plaintiff was born in 1963 and therefore is not 62 years old.

14. Federal Defendants deny the allegations in the first sentence of paragraph 14. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 14 and on that basis deny those allegations.

15. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 15 and on that basis deny those allegations.

16. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 16 and on that basis deny those allegations.

**FIRST CAUSE OF ACTION**

17. Federal Defendants incorporate paragraphs 1 through 16 hereinabove as though fully set forth at this point.

18. Paragraph 18 states a legal conclusion to which no response is necessary. Federal Defendants affirmative state that, as to Plaintiff's HEAL loans, the standard for discharge is not "undue hardship," but whether non-discharge of the debt would be "unconscionable." *See* 42 U.S.C. § 292f(g).

19. Federal Defendants are without knowledge or information sufficient to form a belief as o the truth of the allegation set forth in paragraph 19 and on that basis deny those allegations.

20. Federal Defendants deny the allegations in the second sentence of paragraph 20. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the remaining sentences of paragraph 20 and on that basis deny those allegations. USDOE affirmatively states that, according to documentation received from Plaintiff, Plaintiff was born in 1963 and therefore is not 62 years old.

21. Federal Defendants deny the allegations of paragraph 21. Defendants affirmative state that, as to Plaintiff's HEAL loans, the standard for discharge is not "undue hardship," but whether non-discharge of the debt would be "unconscionable." *See* 42 U.S.C. § 292f(g).

The remainder of the Complaint is Plaintiff's prayer for relief, to which no response is required. To the extent that an answer is required, Federal Defendants deny that Plaintiff is entitled to any relief whatsoever.

All allegations not specifically admitted, denied, or modified herein, are hereby denied.

**PRAYER**

Federal Defendants pray for judgment as follows:

1. That the Court dismiss the above-entitled action;

2. That the Court deny the Plaintiff's request for relief;

3. That the Court find that excepting the Plaintiff's Consolidation Loan loan debts due the USDOE would not impose an undue hardship on the Plaintiff and any dependents;

4. That the Court find that excepting the Plaintiff's HEAL debts due the USDOE would not be unconscionable;

5. That the Court award the United States Department of Education reasonable attorney's fees and costs; and

6. That the Court award the United States Department of Education such other and further relief as the Court deems just and equitable.

Dated: August 8, 2016

Respectfully submitted,

BRIAN J. STRETCH
United States Attorney

By: /s/
_____
CLAIRE T. CORMIER
Assistant United States Attorney